# United States Court of Appeals
# for the Fifth Circuit

―――――――――

No. 24-50379
Summary Calendar

―――――――――

United States Court of Appeals
Fifth Circuit

**FILED**

January 7, 2025

Lyle W. Cayce
Clerk

HUBERT EDWARD CASTRO,

*Plaintiff—Appellant*,

*versus*

WARDEN DARREN WALLACE, *TDCJ Hughes Unit, in his Individual and Official Capacity*; ASSISTANT WARDEN TOBY POWELL, *TDCJ Hughes Unit, in his Individual and Official Capacity*; CHIMDI AKWITTI; BEVERLY DAWN SMITH; CAPTAIN ANNETTE MARTINEZ, *TDCJ Hughes Unit, in her Individual and Official Capacity*; COUNSEL SUBSTITUTE K. BRASE, *TDCJ Hughes Unit, in his Individual and Official Capacity*; COUNSEL SUBSTITUTE JANE DOE #2, *TDCJ Hughes Unit, in her Individual and Official Capacity*; COUNSEL SUBSTITUTE JANE DOE #3, *TDCJ Hughes Unit, in her Individual and Official Capacity*; DIRECTOR'S REVIEW COMMITTEE - HUNTSVILLE, *Individual and Official Capacity*; NICHOLE MCENTIRE; DIANA DUFF; VERONYKA KISS,

*Defendants—Appellees*.

―――――――――――――――――――――――

Appeal from the United States District Court
for the Western District of Texas
USDC No. 6:20-CV-1116

―――――――――――――――――――――――

Before RICHMAN, DOUGLAS, and RAMIREZ, *Circuit Judges*.

No. 24-50379

Per Curiam:[*]

Hubert Edward Castro, Texas prisoner number 1049656, appeals the summary judgment dismissal of the remaining claim in his pro se 42 U.S.C. § 1983 civil rights complaint on the ground of qualified immunity. He argues that the district court erred in dismissing his claim that the defendants violated his constitutional rights under the First Amendment by restricting contact with his wife following a disciplinary conviction.

Even if there are factual disputes in the record, the disputed facts are not material. *See* Fed. R. Civ. P. 56(a); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Given the undisputed evidence showing the procedural reason for dismissing Castro's disciplinary conviction and the deference owed to the professional expertise of corrections officials in addressing security issues, *see Mayfield v. Tex. Dep't of Crim. Just.*, 529 F.3d 599, 611 (5th Cir. 2008), it was not error for the district court to conclude that there was no genuine dispute that restricting Castro's contact with his wife was reasonably necessary to serve legitimate penological interests and to grant summary judgment dismissal on the ground of qualified immunity, *see Luna v. Davis*, 59 F.4th 713, 715 (5th Cir. 2023) (per curiam); *Lewis v. Sec'y of Pub. Safety & Corr.*, 870 F.3d 365, 368 (5th Cir. 2017); *Taita Chem. Co. v. Westlake Styrene Corp.*, 246 F.3d 377, 385 (5th Cir. 2001).

AFFIRMED.

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.